SEP 21 2015

FILED
CLERK, U. S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

| | |
|---|---|
| LINDA SIEMER, | |
| Plaintiff, | CIVIL ACTION |
| v. | CASE NO. 5:15-cv-479-oc-40PRL |
| DISABILITY RIGHTS FLORIDA, INC, A Florida not-for-profit corporation, | **JURY TRIAL DEMANDED** |
| Defendant. | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, LINDA SIEMER ("Plaintiff"), by and through HER undersigned attorney, files her Complaint for Damages against Defendant, DISABILITY RIGHTS FLORIDA, INC., a Florida not-for-profit company, (hereinafter "Defendant"), and states as follows:

### INTRODUCTION

1. This is an action to recover unpaid overtime wage compensation under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et. seq,* (hereinafter "FLSA").

### JURISDICTION

2. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1331. At all times pertinent to this Complaint, Defendant was an enterprise engaged in interstate commerce. At all times pertinent to this Complaint, Defendant regularly owned and operated a business engaged in commerce or in the production of goods for commerce as defined in the FLSA, 29 U.S.C. §203(r) and 203(s). As set forth in more detail

below, the Plaintiff is pursuing her FLSA claim based on the corporate defendant being a "covered enterprise" under the FLSA.

3. Plaintiff is also entitled to the protections of the FLSA as she is "individually covered" by that statute. During Plaintiff's employment, Defendant required she use instrumentalities of interstate commerce. Specifically, Plaintiff would make interstate telephone calls on a regular and recurrent basis for Defendant. Also, Plaintiff would send and receive interstate emails and travel outside the state of Florida as an employee for Defendant all as part of the Defendant's business operation.

4. Defendant is a federally mandated agency, funded by the Administration for Children and Families, the Substance Abuse and Mental Health Services Administration, the Rehabilitation Services Administration, the Health Resources and Services Administration and the Social Security Administration. Defendant receives 100 percent of its funding through federal grants.

5. Plaintiff worked as an "advocate-investigator" and later as a "senior advocate investigator" for Defendant. Plaintiff's work for Defendant did not provide Plaintiff with any authority to make independent decisions or exercise independent judgment and Plaintiff had no supervisory duties.

6. Defendant is subject to the jurisdiction of this Court because it engages in substantial and not isolated activity within the Middle District of Florida.

7. Defendant is also subject to the jurisdiction of this Court because they operate, conduct, engage in, and/or carry on business in the Middle District of Florida.

## VENUE

8. The venue of this Court over this controversy is based upon the following:

a. The unlawful employment practices alleged below occurred and/or were committed in the Middle District of Florida, and;

b. Defendant was and continues to be a not-for-profit company operating within this judicial district.

## PARTIES

9. At all times material hereto, Plaintiff was and continues to be a resident of Yalaha, Lake County, Florida, and was an "employee" of the Defendant within the meaning of the FLSA.

10. At all times material hereto, Defendant was conducting business in Yalaha, Lake County, Florida, with its principal place of business in Tallahassee, Florida.

11. At all times material hereto, Defendant employed Plaintiff.

12. At all times material hereto, Defendant was and continues to be an "employer" within the meaning of the FLSA.

13. At all times material hereto, Defendant knowingly and willfully failed to pay Plaintiff her lawfully earned wages in conformance with the FLSA.

14. Defendant committed a willful and unlawful violation of the FLSA and, therefore, is liable for monetary damages.

15. Based on the nature of the Defendant's business, at all times material hereto, Defendant was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

16. At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendant.

17. Plaintiff has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## STATEMENT OF FACTS

18. On or about the July 8, 2008, Plaintiff was hired by the Defendant as an advocate-investigator. Her last day of employment was on or about April 1, 2015.

19. From about July 8, 2008 through about September 2009, Plaintiff was paid $40,000.00. From about October 1, 2009 through about September 2010, Plaintiff was paid $41,200.00. From about October 1, 2010 through about September 2011, Plaintiff was paid $43,710.00. From about October 1, 2011 through about September 2013, Plaintiff was paid $45,019.00. From about October 1, 2013 through about September 2014, Plaintiff was paid $46,593.00. From about October 1, 2004 through about September 2015, Plaintiff was paid $47,756.00.

20. During this period of time, the Defendant repeatedly informed Plaintiff that Plaintiff was not entitled to overtime work despite Plaintiff routinely surpassing the threshold of 40 hours a week, thereby causing the Plaintiff to not be paid for all hours in excess of forty in a work week. The Plaintiff intends to obtain, through discovery, Defendant's time and payroll records so she can accurately calculate her damages for the period of September 2012 through about April 2015.

21. Additionally, Defendant intentionally and willfully misclassified Plaintiff as an "exempt" employee, although her duties were those of a "non-exempt" employee.

22. From August 2013 through April 2015, Plaintiff worked about 615 hours of overtime. For that period, Plaintiff estimates she is owed from the Defendant about $35.67 for each overtime hour multiplied by 615 hours for a total of $22,000.00, exclusive of liquidated

damages, fees and costs. Plaintiff does not have records dating back to September 2012, but intends to obtain such records through discovery.

23. Plaintiff has retained Bowen & Schroth, P.A. to represent her in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

## VIOLATION OF 29 U.S.C. § 207 (UNPAID OVERTIME)

24. Plaintiff realleges Paragraphs 1 through 23 as if fully set forth herein.

25. Plaintiff's employment with the Defendant was to consist of a normal work week for which she should have received time and one-half for her hours worked in excess of the maximum hours provided for in the FLSA.

26. During Plaintiff's employment, Plaintiff worked hours in excess of forty (40) per week for which she was not compensated at the statutory rate of time and one-half for all of her overtime hours.

27. Plaintiff was entitled to be paid at the rate of time and one-half for all her hours worked in excess of the maximum hours provided for in the FLSA.

28. Plaintiff was paid an hourly wage.

29. Records, if any, concerning the number of hours worked by Plaintiff and the actual compensation paid to Plaintiff are in the possession and custody of the Defendant. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, she will seek leave of the Court to amend her Complaint for damages to set forth the precise amount due to her.

30. Defendant knew of and showed a willful disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiff at the statutory rate of time and one-

half for all the hours she worked in excess of forty (40) hours per week when Defendant knew or should have known such was due.

31. Because Defendant knowingly and willfully violated the FLSA by informing Plaintiff that Plaintiff was exempt from overtime pay and by refusing to grant Plaintiff overtime pay, Plaintiff is entitled to three years of overtime pay.

32. Defendant failed to properly disclose or apprise Plaintiff of her rights under the FLSA.

33. As a direct and proximate result of Defendant's willful disregard of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

34. Due to the willful and unlawful acts of the Defendant, Plaintiff has suffered damages in the amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages.

35. Plaintiff is entitled to an award of her reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

**WHEREFORE**, Plaintiff, Linda Siemer, respectfully requests this Court enter judgment in her favor against Defendant:

    a. Declaring that the Defendant violated the overtime provisions of 29 U.S.C. §207;

    b. Awarding Plaintiff overtime compensation;

    c. Awarding Plaintiff liquidated damages;

    d. Awarding Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

e. Awarding Plaintiff post-judgment interest; and

f. Ordering any other relief this Court deems to be just and proper.

## JURY DEMAND

Plaintiff, Linda Siemer, hereby demands a trial by jury of all issues so triable, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: <u>September 17, 2015.</u>

Respectfully submitted,

Derek A. Schroth (Trial Counsel)
Board Certified in Business Litigation and
City, County And Local Government Law
Florida Bar No. 0352070
Bowen & Schroth, P.A.
600 Jennings Avenue
Eustis, FL 32726
(352) 589-1414
(352) 589-1726 fax
dschroth@bowenschroth.com
Attorney for Plaintiff