UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

LINDA SIEMER

    Plaintiff,

v.                                             Case No.: 5:15-cv-00479-PGB-PRL

DISABILITY RIGHTS FLORIDA, INC.

    Defendant.
_____/

## JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT AND TO DISMISS ACTION WITH PREJUDICE

Plaintiff, LINDA SIEMER, and Defendant, DISABILITY RIGHTS FLORIDA, INC. (collectively "the Parties"), by and through their undersigned attorneys, hereby file this Joint Motion to Approve Settlement Agreement and to Dismiss Action with Prejudice and, in support of the Joint Motion, state:

The Parties have reached a settlement in this case. In support of the settlement, the Parties attach hereto as Exhibit "A" the Settlement, Waiver and Release By Linda Siemer ("Settlement Agreement") executed by the Parties.[1]

### I. PROCEDURAL HISTORY

Plaintiff filed her Complaint in this case for unpaid overtime on our about September 17, 2015. (Doc. 1) Defendant filed an Answer to Plaintiff's Complaint on November 13, 2015. (Doc. 18) The parties proceeded through the initial discovery pursuant to the Court's November 19,

---

[1] The attached Exhibit A is titled "Confidential Settlement Waiver and Release By Linda Siemer," but following the Court's April 5, 2016, Order (Doc. 16), the parties have stipulated to file the Settlement Agreement with the Court without a request to submit same under seal and permit the Court to strike the confidentiality requirements, as necessary.

1

2015, Scheduling Order. (Doc. 12) The parties also participated in the required in-person negotiation pursuant to the Scheduling Order. Through the negotiations, the parties were able to reach a tentative resolution of Plaintiff's claims and now seek approval of that settlement and dismissal of this action.

## II. LIABILITY DISPUTE

This action was brought under the Fair Labor Standards Act ("FLSA") to recover from Defendant overtime compensation, liquidated damages, and reasonable attorneys' fees and costs. The Complaint also includes a claim for unpaid wages pursuant to Florida Statutes. Plaintiff alleges she was subject to the FLSA and worked in excess of 40 hours per week. The parties exchanged documentation and Defendant does not dispute that, on occasion, Plaintiff did work in excess of 40 hours per week. However, Defendant disputes that Plaintiff is subject to the provisions of the FLSA and, therefore, is not entitled to damages under either the FLSA or Florida Statutes. Defendant asserts that Plaintiff did not perform work that amounted to interstate commerce and that Plaintiff also fit within an exemption to the FLSA.

## III. SETTLEMENT OF FLSA CLAIMS

Pursuant to the case law regarding settlement of claims arising under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, et. seq. ("FLSA"), there are two ways in which compromised claims under the FLSA can be settled and released by employees. First, § 216(c) of the FLSA allows employees to settle and waive their claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. See 29 U.S.C. § 216(c); <u>Lynn's Food Stores, Inc. v. United States</u>, 679 F.2d 1350, 1353 (11th Cir. 1982). Second, in the context of a private lawsuit brought by an employee against an employer

under § 216(b) of the FLSA, or a collective action by multiple employees to recover against an employer as outlined in § 216(b) of the FLSA, employees may settle and release FLSA claims against an employer if the parties present the district court with a proposed settlement and the district court enters a stipulated judgment approving the fairness of the settlement. Id; see also Sculte, Inc. v. Gandi, 328 U.S. 108, 66 S. Ct. 925, 928 n.8, 90 L.Ed. 1114 (1946); Jarrad v. Southeastern Shipbuilding Corp., 163 F.2d 960, 961 (5th Cir. 1947). In detailing the circumstances justifying court approval of an FLSA settlement in the litigation context, the Eleventh Circuit has stated as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

Lynn's Food Stores, 679 F.2d at 1354.

## IV. THE DISPUTED ISSUES IN THE ADVERSARIAL ACTION AT HAND

In accordance with the legal principles outlined above, the Parties respectfully request that the Court approve the Parties' negotiated settlement of Plaintiff's wage claims. The Parties agree that the instant adversarial action involves disputed factual and legal issues, including: (i) whether Plaintiff was subject to the FLSA as any employee performing work that involves interstate commerce; (ii) whether any exemption to the FLSA applied to Plaintiff; (iii) the number of overtime hours worked by Plaintiff during each workweek, if any; (iv) whether

3

Plaintiff is entitled to recover liquidated damages; and (v) whether a 2-year or 3-year statute of limitations applies to Plaintiff's overtime claims.

Defendant, at all times, denied that Plaintiff was not properly compensated for overtime hours worked. In addition, even if Defendant had been found liable, it asserted good faith and reasonable grounds for any wage violations which could have precluded Plaintiff from recovering liquidated damages (i.e., double damages) under the FLSA (see 29 U.S.C. § 260). Finally, Defendant contends that even if it had been found liable, any violation was not willful and thus the two year statue of limitations would apply pursuant to 28 U.S.C. § 255(a) (2010).

After initial required discovery, the parties agreed to meet to conduct further negotiations in the hopes of resolving the matter in the early stages of the litigation. The parties reached a settlement at the negotiation conference conducted January 19, 2016. The Parties agree that the terms of settlement reached reflect a reasonable "give-and-take" on the major issues in dispute. Specifically, Defendant's agreement to make any payment to Plaintiff reflects a significant concession (for purposes of settlement only). In return for that concession, the parties then reached a reasonable compromise with respect to the number of overtime hours worked each week by Plaintiff, ultimately agreeing to compensate Plaintiff for a reasonable estimation of overtime hours worked for each week wherein overtime hours could have been worked. Plaintiff will not receive compensation under the agreement for workweeks during which she could not have worked overtime hours, such as workweeks during which she was absent due to illness, personal reasons, vacation, or holiday, because in such weeks, Plaintiff could not have worked overtime hours, even taking into consideration additional hours worked.

The parties reviewed and assessed the potential risks of litigation with their respective

4

counsel. The Parties agree that the negotiated terms of settlement, as stated in the Settlement Agreement and summarized below, reflect a reasonable compromise of all disputed issues, and that the negotiated settlement is in the parties' best interest.

Ultimately, the parties agreed that Defendant will pay a compromise amount to resolve Plaintiff's claims for alleged overtime wages due to her. In addition, Defendant will also pay an amount equal to the wage payment that will represent Liquidated Damages. Defendant will pay this figure despite the fact that they dispute owing any Liquidated Damages in this case. Finally, Defendant will pay Plaintiff a nominal settlement amount to obtain a general release from Plaintiff for any and all other claims or potential claims Plaintiff may have against Defendant. Defendant will pay those amounts despite the fact that it disputes owing any non-overtime wages in this case. Considering the above, the parties have reached a fair and reasonable agreement.

## V. MONETARY TERMS OF SETTLEMENT

Pursuant to the Settlement Agreement, Defendant will pay the following

1. $10,500.00 to resolve Plaintiff's claim for overtime wages;

2. $10,500.00 to resolve Plaintiff's claim for liquidated damages;

3. $ 2,000.00 to secure a general release of all other claims from Plaintiff[2]; and

4. $ 4,500.00 for attorneys' fees, administrative and taxable costs.

Plaintiff's counsel will receive the above amount representing attorneys' fees, administrative costs and taxable costs. In this case, Plaintiff's counsel filed a Complaint, responded to the Court's required discovery, reviewed the records provided by Defendant and

---

2 The parties stipulate to combine the amounts of the consideration for the general release and confidentiality into a single amount of consideration for the general release, based on the Court's position as to confidentiality of the Settlement Agreement.

appeared at the negotiation conference between the parties, including travel to Defendant's office in Gainesville for same. The total amount of fees and costs shall also include all costs of administration of the settlement (which shall be the responsibility of Plaintiff's Counsel).

Throughout the settlement negotiations Plaintiff's counsel negotiated attorney's fees and costs separate from the fund so as to avoid any compromise to Plaintiff's recovery and pursuant to Bonetti v. Embarq Management Co., 2007 WL 2371407, Case No.: 6:07-cv-01335-ORL-31-GKJ, Doc. 53 (M.D. Fla. August 4, 2009); See also King v. My Online Neighborhood, Inc., 2007 WL 737575, at *4 (M.D.Fla. Mar.7, 2007); McGinnis v. Taylor Morrison, Inc., 3:09-CV-01204-J-32MCR (M.D.Fla. Jan. 23, 2010). Jacobs, et al. v. Orts Services, Inc., 2010 WL 497382 (M.D.Fla. February 8, 2010); Whitson v. Chicks Ahoy, Inc., 2010 WL 497640 (M.D.Fla. February 8, 2010. In accordance with Bonetti, Plaintiff's recovery has been negotiated and settled independent of the Plaintiff's claims so that the attorney's fees and costs do not compromise Plaintiffs' recovery.

## VI. TIMING OF PAYMENT

1. Payments to Plaintiff shall be provided to Plaintiff's counsel within twenty (20) days of the Court's Order approving the settlement.

2. Payment to Plaintiff's counsel, Bowen & Schroth, P.A., for attorney fees, costs and class administrative costs in the amount of $4,500.00 shall be provided to Plaintiff's counsel within twenty (20) days of the Court's Order approving the settlement.

## VI. CONCLUSION

The settlement in the instant matter is fair and was structured in a similar manner as many FLSA settlements previously approved in this circuit. The parties jointly and respectfully request

that this Court approve the settlement agreement between the Parties. The parties agree that this is a fair settlement and that it is in both of their best interests to resolve this matter, pay the settled claims, and dismiss this matter.

DATED this 19th day of April, 2016.

Respectfully submitted,

| Counsel for Plaintiff | Counsel for Defendant |
|---|---|
| s/Derek A. Schroth | s/Jason C. Taylor |
| Derek A. Schroth | Jason C. Taylor |
| Florida Bar No. 0352070 | Florida Bar No. 497525 |
| Bowen & Schroth, P.A. | McConnaughhay, Coonrod, Pope, |
| 600 Jennings Avenue | Weaver, Stern & Thomas, P.A. |
| Eustis, FL 32726 | 1709 Hermitage Blvd., Suite 200 |
| (352) 589-1414 | Tallahassee, FL 32308 |
| dschroth@bowenschroth.com | (850) 222-8121 |
|  | jtaylor@mconnaughhay.com |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by CM/ECF service this 19th day of April, to Derek A. Schroth, Bowen & Schroth, P.A., dschroth@bowenschroth.com, 600 Jennings Avenue, Eustis, FL 32726.

s/ Jason C. Taylor
Jason C. Taylor
Florida Bar No. 0497525
Email: jtaylor@mcconnaughhay.com
1709 Hermitage Blvd., Suite200
Tallahassee, FL 32308
Phone: (850) 222-8121
Fax: (850) 222-4359

Attorneys for Defendant

## CONFIDENTIAL SETTLEMENT, WAIVER, AND RELEASE
## BY LINDA SIEMER

This Confidential Settlement, Waiver, and Release ("Release") is made by LINDA SIEMER ("Siemer") in exchange for the settlement provisions described below to be provided by or on behalf of DISABILITY RIGHTS FLORIDA, INC., (referred to as "Employer"). Siemer and Employer are collectively referred to herein this Confidential Settlement, Waiver, and Release as the "Parties."

Siemer filed an action against Employer which is now or was pending before United States District Court for the Middle District of Florida, Case No. 5:15-cv-479-Oc-PGBPRL. Employer denies the material allegations of each case and claim and otherwise denies liability of any kind or nature to Siemer. In compromise of the dispute which exists between Siemer and Employer, and:

(1) to conclude all legal proceedings (including the case before the United States District Court for the Middle District of Florida, Case No. 5:15-cv-479-Oc-PGBPRL) which have been and/or might have been-brought by Siemer against Employer through the date of this Release;

(2) to end unconditionally and for all time any remaining differences presently between Siemer and Employer; and

(3) in lieu of any further legal proceedings by Siemer against Employer as to any matters arising, directly or indirectly, out of the compensation issues arising out of Siemer's employment with or separation from Employer, through the date of this Release;

The Parties agree to the following Confidential Settlement, Waiver, and Release.

## TERMS OF SETTLEMENT

1. Recitals. The foregoing Recitals and all text preceding the "Terms of Settlement" portion of this Release are true, correct, are incorporated herein by this specific reference and form an integral part of this Release.

2. Settlement Summary.

    a. Siemer shall deliver to Employer's counsel an executed original of this Release, then, provided that Siemer has provided and Employer has received executed W9 statements for Siemer and Siemer's counsel, in consideration of the matters set forth herein and no later than ten (10) days following Court approval of the parties' settlement, Employer shall pay to Siemer the total sum of Twenty Seven Thousand Five Hundred and no/100 Dollars ($27,500.00), hereinafter the "Settlement Sum." Of the settlement sum, the parties attribute the following amounts to the categories set out below:



EXHIBIT A

**Confidential Settlement, Waiver, and Release of Linda Siemer**
**Re:** *Linda Siemer v. Disability Rights Florida, Inc.*
**Page 2 of 7**

(1) $1,000.00 to represent consideration for the confidentiality of this release based on the terms set out below in Paragraph No. 6;

(2) $1,000.00 to represent consideration for the general release provisions based on the terms set out below in Paragraph No. 3;

(3) $21,000.00 as payment to Siemer to resolve all claims related the alleged violations of the Fair Labor Standards Act, of which $10,500.00 shall be allocated to resolve the claim for wages due and reported on a form W-2, and $10,500.00 shall be allocated to resolve the claim for liquidated damages to be reported on a form 1099; and

(4) $4,500.00 for payment of attorneys' fees, costs and expenses, payable to Bowen & Schroth, P.A., to be reported on a 1099 to him or his firm.

      b.    Siemer agrees that Employer or any affiliate by ownership interest or corporate subdivision is not under any obligation to rehire her at any time.

      c.    In response to any inquiry or reference request, Employer will provide information consisting only of Siemer's position, dates of employment and most recent rate of pay.

      d.    Siemer and Employer will each bear their own attorney's fees and costs except as set out above.

1.    General Release of Claims.

      a.    Siemer stipulates to the unconditional dismissal, in its entirety, of the case before the United States District Court for the Middle District of Florida, Case No. 5:15-cv-479-Oc-PGBPRL.

      b.    Siemer accepts the Settlement Terms, stated above in paragraph 2(a) and 2(a)(2), as full consideration for any claim of damages, including any liquidated damages and attorney fees; and she is not seeking equitable relief, including reinstatement.

      c.    The parties hereby knowingly and voluntarily release and forever discharge each other, their, predecessors, successors, assigns, subsidiaries, affiliates, and insurers, and their past, present, and future directors, officers, shareholders, members, employees, agents, insurers, and attorneys, both individually and in their capacities as board members, directors, officers, shareholders, members, employees, agents, insurers, and attorneysof and from any and all claims, whether known, unknown, anticipated, unanticipated, disclosed or undisclosed, against each other which they have or might have as of the date of execution of this Release, including, but not limited to, any claims arising out of or in any way connected with Siemer's employment with or separation from Employer.

Confidential Settlement, Waiver, and Release of Linda Siemer
Re: *Linda Siemer v. Disability Rights Florida, Inc.*
Page 3 of 7

2. <u>Affirmations.</u> Siemer affirms that she has not divested herself of or assigned any portion of any cause of action she may have against Employer to any other person or entity. Further, Siemer has not filed, caused to be filed, or presently is a party to any claim, complaint, or action against Employer in any forum or form, except the present action before United States District Court for the Middle District of Florida, Case No. 5:15-cv-479-Oc-PGBPRL. Siemer further affirms that she has received all stipends, reimbursements, compensation, wages, bonuses, commissions, and/or benefits to which she may be entitled and that no other stipends, reimbursements, compensation, wages, bonuses, commissions, and/or benefits are due to her, except as provided in this Release.

3. <u>No Admission of Liability.</u> Neither this Release nor the furnishing of the consideration for this Release shall be deemed or construed at any time for any purpose as an admission by Employer of any liability; unlawful conduct of any kind; or violation by Employer of the Laws identified in Paragraph 3(c) herein. Siemer acknowledges that there has been no final finding or judgment of any kind entered against Employer with respect to the facts underlying this Release. It is further expressly understood that this Release is in full accord and satisfaction of such disputed claims as are the subject matter hereof.

4. <u>Confidentiality.</u>

   a. Should the Court require submission of this Release for approval of the settlement, Siemer consents to submission of this Release under seal. Otherwise, this Release shall not be filed with any court. This Release may not be introduced in any proceeding, except when required to obtain approval hereof, to enforce this Release, or where this Release would be a defense.

   b. Except as required of each party by rule, regulation, government agency(ies), investigators, law enforcement officer, or subpoena, neither party shall disclose the existence or substance of this Release. If asked about the disposition of Siemer's claims, the parties will state only that ". . . this matter has been resolved to the satisfaction of all parties concerned." The above limitation does not include Siemer's disclosure of such information to any attorneys, accountants, and professional tax advisers with whom she chooses to consult or seek advice regarding her consideration of and decision to execute this Release. Violation of this confidentiality provision shall result in the Employer being able to pursue all appropriate legal remedies against Siemer, including pursuit of liquidated damages, and shall result in the complete disgorgement of any settlement amount Siemer receives pursuant as consideration for the confidentiality of this settlement as set out in Paragraph 2(a)(1) above.

   c. Neither party shall defame, disparage, or impugn the other or any of their employees, representatives or agents at any time to any person or entity.

5. <u>Release as a Defense.</u> Siemer agrees that she will not hereafter file or institute any judicial, quasi-judicial, non-judicial, and/or administrative proceedings against Employer and any other Released Parties with respect to the matters resolved or settled herein. Siemer agrees that this Release shall be a complete and conclusive defense by any of the Parties released in this

Confidential Settlement, Waiver, and Release of Linda Siemer
Re: *Linda Siemer v. Disability Rights Florida, Inc.*
Page 4 of 7

Agreement to any other suits or proceedings which may hereafter be brought by any of the Parties to this Release which relate directly or indirectly to the allegations which are the subject of Siemer's claims, and any amendments thereto, filed in the proceedings before the United States District Court for the Middle District of Florida, Case No. 5:15-cv-479-Oc-PGBPRL, which exist, whether known or unknown, as of the date Siemer executes this Release.

6. Counterparts. This Release may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument, provided, however, that in making proof of this Release, it shall not be necessary to produce or account for more than one such counterpart of this Release.

7. Interpretation. Siemer has, with counsel, participated in the negotiating of all terms and provisions of this Release, and, accordingly, it is agreed that any uncertainty or ambiguity shall not be construed for or against any other party based on attribution of drafting to any party.

8. Entire Release. This Release contains the entire Release and understanding among the Parties with respect to the subject matter hereof and supersedes all prior and contemporaneous proposals, discussions, negotiations, Releases and understandings, whether oral or written, relating to such subject matter. There are no warranties, representations, or other agreements between the Parties in connection with the subject matter hereof, except as specifically set forth herein. Siemer has not relied on any representation not set forth in this Release in executing this Release. No supplement, modification, waiver, or termination of this Release shall be binding unless contained in a writing that has been executed by the Parties to be thereby.

9. Authority to Execute. Siemer hereby declares, warrants, and covenants that she is over eighteen (18) years of age, is suffering from no legal or mental disability which would impair or disable her from executing this Release, and that, if she is acting in a representative capacity, she has specific, actual authority to do so. Siemer hereby declares, covenants, and warrants that there have been no representations, statements, promises, inducements, or releases made by any of the Parties or their respective agents or attorneys that are not herein expressed, to influence Siemer into making or executing this Release.

10. Governing Law. This Release shall be deemed to have been entered into in the State of Florida upon full execution by Siemer. This Release shall be governed and construed pursuant to the laws of the State of Florida and federal law, where applicable. Jurisdiction and venue for any action related to interpretation or enforcement of this Release shall be in the Circuit Court of the Second Judicial Circuit in and for Leon County, Florida.

11. Severability. All rights, powers, and remedies provided in this Release may be exercised only to the extent that the exercise thereof does not violate any applicable laws, rules or regulations, and are intended to be limited to the extent (but only to the extent) necessary so that they will not render this Release invalid or unenforceable. If any term, covenant, condition or provision of this Release as to any person, entity, or circumstance shall, to any extent, be

**Confidential Settlement, Waiver, and Release of Linda Siemer**
**Re: *Linda Siemer v. Disability Rights Florida, Inc.***
**Page 5 of 7**

invalid or unenforceable, the remaining terms, covenants, conditions, and provisions of this Release, with the application of such term, covenant, condition or provision to the persons, entities, or circumstances other than those as to which it is held invalid or unenforceable, shall not be affected thereby, and each term, covenant, condition, and provision of this Release shall be modified and/or limited to the extent necessary to render the same valid and enforceable to the fullest extent permitted by law, while still accomplishing the intent of the Parties to this Release.

12. <u>Attorneys' Fee.</u> In any action or proceeding to enforce the terms of this Release, including any appeal, the prevailing party shall be entitled to recover its/his/her reasonable attorneys' fee and costs.

13. <u>Modification.</u> This Release may only be modified in a similar writing with such writing signed by all Parties.

14. <u>No Assignments.</u> Siemer represents and warrants to the other Parties that she has not assigned or in any way transferred or conveyed all or any portion of the claims covered by the this Release. Siemer acknowledges and agrees that this warranty and representation is an essential and material term of this Release, without which she would not have entered into it.

15. <u>Evidence.</u> Neither this Release, nor any statements, negotiations, transactions, or proceedings (including any motions, requests, or responses) relating to this Release shall be construed as, deemed to be, or offered in any action or proceeding as evidence of any admission or concession by any Party of (i) any liability or wrongdoing, (ii) any damage or loss incurred by the other, or (iii) the merits or lack of merits of any claims by either party concluded or settled by this Release.

16. <u>Captions.</u> Captions and paragraph headings used herein are for convenience only, are not a part hereof, and shall not be deemed to limit or alter any provisions hereof or to be relevant in construing this Release.

17. <u>Variation of Pronouns, Plurals, Etc.</u> All pronouns and any variations thereof shall be deemed to refer to masculine, feminine, or gender neutral singular or plural as the identity of the person or persons may require.

18. <u>Undersigned Has Read and Understands Release.</u> The undersigned parties further represent that they have read and understand this Release and have had the opportunity to review this Release with their respective counsel. The parties understand, acknowledge, and agree that this Release is entered into knowingly and voluntarily with the advice of competent counsel and in no way was either party coerced by anyone in any way and that the signatures below bind each party to the terms hereof.

19. <u>Court Approval of Settlement Agreement.</u> The parties understand and agree that this settlement agreement may require Court approval. In the event the Court fails to approve the general release sections of Paragraph No. 3 or the confidentiality provisions of Paragraph No. 6, the remaining provisions shall remain in full force and effect.

Confidential Settlement, Waiver, and Release of Linda Siemer
Re: *Linda Siemer v. Disability Rights Florida, Inc.*
Page 6 of 7

BY EXECUTING THIS AGREEMENT BELOW, SIEMER ACKNOWLEDGES THAT SHE HAS THE RIGHT TO, AND HAS BEEN AFFORDED, 21 DAYS TO CONSIDER HER WAIVER AND RELEASE OF ADEA AND OWBPA CLAIMS UNDER THIS RELEASE. BY EXECUTING THIS AGREEMENT BELOW, SIEMER FURTHER ACKNOWLEDGES THAT SHE MAY REVOKE THIS AGREEMENT WITHIN 7 DAYS OF EXECUTION OF THIS AGREEMENT WITH REGARD TO CLAIMS ARISING UNDER THE ADEA AND OWBPA ONLY.

IN WITNESS WHEREOF, the undersigned hereto agrees to and voluntarily acknowledges and executes this Release and as of the last date executed as set forth by her hands and seals below:

_____
Linda Siemer

STATE OF FLORIDA
COUNTY OF LAKE

BEFORE ME, the undersigned authority, personally appeared Linda Siemer, who executed the foregoing instrument, and acknowledged before me that the information contained herein is true and correct to the best of her knowledge.

WITNESS my hand and official seal this ___ day of MARCH _____ 2016.

[Notary Seal: DEREK A. SCHROTH, Notary Public - State of Florida, Commission # FF 918403, My Comm. Expires Sep 17, 2019, Bonded through National Notary Assn.]

_____
NOTARY PUBLIC

_____ With Oath
  X  Without Oath
  X  Personally Known
_____ Produced Identification

Type of Identification Produced:
_____

Confidential Settlement, Waiver, and Release of Linda Siemer
Re: *Linda Siemer v. Disability Rights Florida, Inc.*
Page 7 of 7

IN WITNESS WHEREOF, the undersigned hereto agrees to and voluntarily acknowledges and executes this Release and as of the last date executed as set forth by his hands and seals below:

_____
Anthony DePalma
Vice President
Disability Rights Florida, Inc.

STATE OF FLORIDA
COUNTY OF LEON

BEFORE ME, the undersigned authority, personally appeared Anthony Palma, who executed the foregoing instrument, and acknowledged before me that the information contained herein is true and correct to the best of his knowledge.

WITNESS my hand and official seal this _4th_ day of _March_, 2016.

[Notary Seal: SUSAN PADGETT MORGAN, MY COMMISSION EXPIRES September 6, 2016, #EE 196170, Bonded thru Troy Fain Insurance, NOTARY PUBLIC, STATE OF FLORIDA]

_Susan Padgett Morgan_
NOTARY PUBLIC

____ With Oath
____ Without Oath
_X_ Personally Known
____ Produced Identification

Type of Identification Produced:
_____