UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

LINDA SIEMER

      Plaintiff,

v.                                  Case No.: 5:15-cv-00479-PGB-PRL

DISABILITY RIGHTS FLORIDA, INC.

      Defendant.

_____/

## RENEWED JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT AND TO DISMISS ACTION WITH PREJUDICE

Plaintiff, LINDA SIEMER, and Defendant, DISABILITY RIGHTS FLORIDA, INC. (collectively "the Parties"), by and through their undersigned attorneys, hereby file this Joint Motion to Approve Settlement Agreement and to Dismiss Action with Prejudice and, in support of the Joint Motion, state:

The Parties have reached a settlement in this case. In support of the settlement, the Parties attach hereto as Exhibit "A" the Settlement, Waiver and Release By Linda Siemer ("Settlement Agreement") executed by the Parties.

## I. PROCEDURAL HISTORY

Plaintiff filed her Complaint in this case for unpaid overtime on our about September 17, 2015. (Doc. 1) Defendant filed an Answer to Plaintiff's Complaint on November 13, 2015. (Doc. 18) The parties proceeded through the initial discovery pursuant to the Court's November 19, 2015, Scheduling Order. (Doc. 12) The parties also participated in the required in-person negotiation pursuant to the Scheduling Order. Through the negotiations, the parties were able to

1

reach a tentative resolution of Plaintiff's claims and now seek approval of that settlement and dismissal of this action.

## II. LIABILITY DISPUTE

This action was brought under the Fair Labor Standards Act ("FLSA") to recover from Defendant overtime compensation, liquidated damages, and reasonable attorneys' fees and costs. The Complaint also includes a claim for unpaid wages pursuant to Florida Statutes. Plaintiff alleges she was subject to the FLSA and worked in excess of 40 hours per week. The parties exchanged documentation and Defendant does not dispute that, on occasion, Plaintiff did work in excess of 40 hours per week. However, Defendant disputes that Plaintiff is subject to the provisions of the FLSA and, therefore, is not entitled to damages under either the FLSA or Florida Statutes. Defendant asserts that Plaintiff did not perform work that amounted to interstate commerce and that Plaintiff also fit within an exemption to the FLSA.

## III. SETTLEMENT OF FLSA CLAIMS

Pursuant to the case law regarding settlement of claims arising under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, et. seq. ("FLSA"), there are two ways in which compromised claims under the FLSA can be settled and released by employees. First, § 216(c) of the FLSA allows employees to settle and waive their claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. See 29 U.S.C. § 216(c); Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 (11th Cir. 1982). Second, in the context of a private lawsuit brought by an employee against an employer under § 216(b) of the FLSA, or a collective action by multiple employees to recover against an employer as outlined in § 216(b) of the FLSA, employees may settle and release FLSA claims

against an employer if the parties present the district court with a proposed settlement and the district court enters a stipulated judgment approving the fairness of the settlement. Id; see also Sculte, Inc. v. Gandi, 328 U.S. 108, 66 S. Ct. 925, 928 n.8, 90 L.Ed. 1114 (1946); Jarrad v. Southeastern Shipbuilding Corp., 163 F.2d 960, 961 (5th Cir. 1947). In detailing the circumstances justifying court approval of an FLSA settlement in the litigation context, the Eleventh Circuit has stated as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

Lynn's Food Stores, 679 F.2d at 1354.

## IV. THE DISPUTED ISSUES IN THE ADVERSARIAL ACTION AT HAND

In accordance with the legal principles outlined above, the Parties respectfully request that the Court approve the Parties' negotiated settlement of Plaintiff's wage claims. The Parties agree that the instant adversarial action involves disputed factual and legal issues, including: (i) whether Plaintiff was subject to the FLSA as any employee performing work that involves interstate commerce; (ii) whether any exemption to the FLSA applied to Plaintiff; (iii) the number of overtime hours worked by Plaintiff during each workweek, if any; (iv) whether Plaintiff is entitled to recover liquidated damages; and (v) whether a 2-year or 3-year statute of limitations applies to Plaintiff's overtime claims.

Defendant, at all times, denied that Plaintiff was not properly compensated for overtime hours worked. In addition, even if Defendant had been found liable, it asserted good faith and reasonable grounds for any wage violations which could have precluded Plaintiff from recovering liquidated damages (i.e., double damages) under the FLSA (see 29 U.S.C. § 260). Finally, Defendant contends that even if it had been found liable, any violation was not willful and thus the two year statue of limitations would apply pursuant to 28 U.S.C. § 255(a) (2010).

After initial required discovery, the parties agreed to meet to conduct further negotiations in the hopes of resolving the matter in the early stages of the litigation. The parties reached a settlement at the negotiation conference conducted January 19, 2016. The Parties agree that the terms of settlement reached reflect a reasonable "give-and-take" on the major issues in dispute. Specifically, Defendant's agreement to make any payment to Plaintiff reflects a significant concession (for purposes of settlement only). In return for that concession, the parties then reached a reasonable compromise with respect to the number of overtime hours worked each week by Plaintiff, ultimately agreeing to compensate Plaintiff for a reasonable estimation of overtime hours worked for each week wherein overtime hours could have been worked. Plaintiff will not receive compensation under the agreement for workweeks during which she could not have worked overtime hours, such as workweeks during which she was absent due to illness, personal reasons, vacation, or holiday, because in such weeks, Plaintiff could not have worked overtime hours, even taking into consideration additional hours worked.

The parties reviewed and assessed the potential risks of litigation with their respective counsel. The Parties agree that the negotiated terms of settlement, as stated in the Settlement Agreement and summarized below, reflect a reasonable compromise of all disputed issues, and

that the negotiated settlement is in the parties' best interest.

Ultimately, the parties agreed that Defendant will pay a compromise amount to resolve Plaintiff's claims for alleged overtime wages due to her. In addition, Defendant will also pay an amount equal to the wage payment that will represent Liquidated Damages. Defendant will pay this figure despite the fact that they dispute owing any Liquidated Damages in this case. Finally, Defendant will pay Plaintiff a nominal settlement amount to obtain a general release from Plaintiff for any and all other claims or potential claims Plaintiff may have against Defendant. Defendant will pay those amounts despite the fact that it disputes owing any non-overtime wages in this case. Considering the above, the parties have reached a fair and reasonable agreement.

## V. MONETARY TERMS OF SETTLEMENT

Pursuant to the Settlement Agreement, Defendant will pay the following

1. $11,500.00 to resolve Plaintiff's claim for overtime wages;

2. $11,500.00 to resolve Plaintiff's claim for liquidated damages; and

3. $ 4,500.00 for attorneys' fees, administrative and taxable costs.

Plaintiff's counsel will receive the above amount representing attorneys' fees, administrative costs and taxable costs. In this case, Plaintiff's counsel filed a Complaint, responded to the Court's required discovery, reviewed the records provided by Defendant and appeared at the negotiation conference between the parties, including travel to Defendant's office in Gainesville for same. The total amount of fees and costs shall also include all costs of administration of the settlement (which shall be the responsibility of Plaintiff's Counsel).

Throughout the settlement negotiations Plaintiff's counsel negotiated attorney's fees and costs separate from the fund so as to avoid any compromise to Plaintiff's recovery and pursuant

to <u>Bonetti v. Embarq Management Co.</u>, 2007 WL 2371407, Case No.: 6:07-cv-01335-ORL-31-GKJ, Doc. 53 (M.D. Fla. August 4, 2009); <u>See</u> <u>also</u> <u>King v. My Online Neighborhood, Inc.</u>, 2007 WL 737575, at *4 (M.D.Fla. Mar.7, 2007); <u>McGinnis v. Taylor Morrison, Inc.</u>, 3:09-CV-01204-J-32MCR (M.D.Fla. Jan. 23, 2010). <u>Jacobs, et al. v. Orts Services, Inc.</u>, 2010 WL 497382 (M.D.Fla. February 8, 2010); <u>Whitson v. Chicks Ahoy, Inc.</u>, 2010 WL 497640 (M.D.Fla. February 8, 2010. In accordance with Bonetti, Plaintiff's recovery has been negotiated and settled independent of the Plaintiff's claims so that the attorney's fees and costs do not compromise Plaintiffs' recovery.

## VI. TIMING OF PAYMENT

1. Payments to Plaintiff shall be provided to Plaintiff's counsel within twenty (20) days of the Court's Order approving the settlement.

2. Payment to Plaintiff's counsel, Bowen & Schroth, P.A., for attorney fees, costs and class administrative costs in the amount of $4,500.00 shall be provided to Plaintiff's counsel within twenty (20) days of the Court's Order approving the settlement.

## VI. CONCLUSION

The settlement in the instant matter is fair and was structured in a similar manner as many FLSA settlements previously approved in this circuit. The parties jointly and respectfully request that this Court approve the settlement agreement between the Parties. The parties agree that this is a fair settlement and that it is in both of their best interests to resolve this matter, pay the settled claims, and dismiss this matter.

DATED this 18th day of May, 2016.

Respectfully submitted,

Counsel for Plaintiff                           Counsel for Defendant

s/Derek A. Schroth                              s/Jason C. Taylor
Derek A. Schroth                                Jason C. Taylor
Florida Bar No. 0352070                         Florida Bar No. 497525
Bowen & Schroth, P.A.                           McConnaughhay, Coonrod, Pope,
600 Jennings Avenue                             Weaver, Stern & Thomas, P.A.
Eustis, FL 32726                                1709 Hermitage Blvd., Suite 200
(352) 589-1414                                  Tallahassee, FL 32308
dschroth@bowenschroth.com                       (850) 222-8121
                                                jtaylor@mconnaughhay.com


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by

CM/ECF service this 18th day of May, 2016, to Derek A. Schroth, Bowen & Schroth, P.A.,

dschroth@bowenschroth.com, 600 Jennings Avenue, Eustis, FL 32726.

s/ Jason C. Taylor
Jason C. Taylor
Florida Bar No. 0497525
Email:  jtaylor@mconnaughhay.com
1709 Hermitage Blvd., Suite200
Tallahassee, FL  32308
Phone:  (850) 222-8121
Fax:  (850) 222-4359

Attorneys for Defendant