UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**LINDA SIEMER,**

    Plaintiff,

v.                                                               **Case No: 5:15-cv-479-Oc-PGBPRL**

**DISABILITY RIGHTS FLORIDA, INC.**

    Defendant.

## REPORT AND RECOMMENDATION[1]

Before the Court is the parties' Renewed Joint Motion for Approval of their Settlement, and to Dismiss this Case with Prejudice. (Doc. 19). The parties previously submitted a settlement agreement for approval. (Docs. 15, 17). However, the undersigned observed that it contained inappropriate provisions and thus permitted the parties additional time to file a revised settlement agreement. (Docs. 16, 18). The parties have now amended their settlement agreement (Doc. 19-1), which does not contain any of the inappropriate provisions addressed in the Court's prior orders.

Claims for compensation under the Fair Labor Standards Act ("FLSA") may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters "a stipulated judgment after scrutinizing the settlement for fairness." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352–53 (11th Cir. 1982). Before

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. *See* Fed. R. Civ. P. 72(b)(3); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(B); Local Rule 6.02. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

- 2 -

approving a FLSA settlement, the court must determine if it "is a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Id.* at 1354–55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the court may "approve the settlement in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354.

With respect to attorney's fees and costs, the FLSA "contemplates that 'the wronged employee should receive his full wages plus the penalty without incurring any expense for legal fees or costs.'" *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) (quoting *Maddrix v. Dize*, 153 F.2d 274, 275–76 (4th Cir. 1946)). When a settlement agreement includes an amount to be used to pay attorney's fees and costs, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva*, 307 F. App'x at 351. Where the parties submit to the court

> a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.

*Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009). Here, all of these factors are present.

As set forth in the motion, the parties' settlements provide that Defendant will pay Plaintiff $11,500.00 to settle Plaintiff's FLSA claim for alleged unpaid overtime, plus an additional $11,500.00 to settle the claim for liquidated damages. (Doc. 19, p. 5). The parties agree that these settlement amounts reflect a reasonable compromise of several disputed issues in this case

including: whether Plaintiff was subject to the FLSA; whether a FLSA exemption applied to Plaintiff; the number of overtime hours worked by Plaintiff, if any; and whether a two or three-year statute of limitations applies to Plaintiff's claims. (Doc. 19, p. 3). The parties also assert that they have been represented by counsel throughout this litigation and settlement process, and that the settlement terms are fair and equitable given the disputed issues and the risks of litigation. (Doc. 19, pp. 4–5). Under these circumstances, the undersigned finds the settlement reasonable, especially considering the vagaries of litigation.

Additionally, Defendant will pay $4,500 in attorneys' fees and costs for Plaintiff's representation. (Doc. 19-1). The parties assert that this amount was negotiated separately and independently from the determination of Plaintiff's damages. (Doc. 19, pp. 5–6). As explained in the motion (Doc. 19, p. 5), this case was settled only after the parties exchanged discovery and engaged in negotiations. The Court thus finds that the agreed upon $4,500 in attorneys' fees and costs were determined independently, do not affect the payments to Plaintiff, and otherwise appear to be reasonable. *See Bonetti*, 715 F. Supp. 2d at 1228. Therefore, the Court need not separately consider the reasonableness of the fees to be paid to Plaintiff's counsel.

Accordingly, after due consideration, it is respectfully **RECOMMENDED** that:

The parties' Joint Motion for Approval of Settlement, and to Dismiss the Case with Prejudice (Doc. 19) be **GRANTED** and the Settlement Agreements and Releases (Doc. 19-1) be **APPROVED** by the district court. It is further respectfully recommended that, pursuant to the agreement of the parties, the case be **DISMISSED WITH PREJUDICE** and that parties previous motion for settlement approval (Doc. 17) be **TERMINATED**.

- 4 -

      **DONE** and **RECOMMENDED** in Ocala, Florida on May 27, 2016.

                                                            PHILIP R. LAMMENS
                                                            United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties